UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 10-74187

THOMAS F. MURPHY,  Chapter 7

        Debtor.  Judge Thomas J. Tucker
_____/

DAYNA MILBRAND,

        Plaintiff,

v.  Adv. Pro. No. 11-4658

THOMAS F. MURPHY,

        Defendant.
_____/

**OPINION REGARDING DEFENDANT THOMAS F. MURPHY'S
MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

The Plaintiff in this adversary proceeding represented the Debtor/Defendant's ex-spouse Stacey Murphy in a pre-petition divorce proceeding against the Defendant, in the Macomb County Circuit Court. On April 9, 2009, the Macomb County Circuit Court entered a Consent Judgment of Divorce ("Judgment") divorcing the Defendant from Ms. Murphy. The Judgment required the Defendant to pay $2,500.00 in attorney fees to the Plaintiff. In this adversary proceeding, the Plaintiff seeks a determination that the $2,500.00 debt owed to her under the Judgment is non-dischargeable under 11 U.S.C. § 523(a)(5), or alternatively, under 11 U.S.C. § 523(a)(15).

This adversary proceeding is before the Court on Defendant's motion for summary

judgment (the "Motion"),[1] seeking judgment on all claims in the Plaintiff's complaint. The Court concludes that a hearing on the Motion is not necessary. The Court will grant the Motion, based on, and for the reasons stated in, its opinion entitled "Opinion Regarding Debtor's Contempt Motion" filed in the main bankruptcy case.[2]

## II. Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## III. Material proceedings in the main bankruptcy case

The following material facts are undisputed. Defendant Thomas F. Murphy ("Defendant" or "Debtor") filed a voluntary Chapter 7 bankruptcy petition on November 9, 2010, commencing Case No.10-74187. On December 6, 2010, Plaintiff Dayna Milbrand ("Plaintiff" or "Milbrand") filed a motion in the Macomb County Circuit Court, seeking to enforce Debtor's obligation under the Judgment to pay her $2,500.00 in attorney fees. Milbrand filed her motion in state court without seeking or obtaining relief from the automatic stay in this Court.

On December 10, 2010, Debtor filed a motion entitled "Motion for Order for Contempt, Damages and Attorney Fees for Willful Violation of the Automatic Stay and Creditor Misconduct" (the "Contempt Motion"), alleging that Milbrand's post-petition filing of the state

---

[1] Docket 12.

[2] *See* Docket # 42 in Case No. 10-74187.

2

11-04658-tjt    Doc 14    Filed 05/20/11    Entered 05/20/11 13:22:27    Page 2 of 5

court motion violated the automatic stay, and seeking damages.[3] Milbrand filed a response to the Contempt Motion, in which she argued, in relevant part, that she did not violate the stay because the Debtor's obligation under the Judgment to pay $2,500.00 in attorney fees to her is a "domestic support obligation" within the meaning of 11 U.S.C. § 101(14A)(A).[4] Therefore, according to Milbrand, under 11 U.S.C. §§ 362(b)(2)(A)(ii) and 362(b)(2)(B), her state court action was not subject to the § 362(a) stay provisions.[5]

On April 5, 2011, the Court issued its "Opinion Regarding Debtor's Contempt Motion," in which it concluded that the $2,500.00 debt to Milbrand is not a "domestic support obligation" under 11 U.S.C. § 101(14A)(A), because under the circumstances of the case, such debt is not a debt "owed to or recoverable by" Debtor's former spouse.[6] The Court concluded that "Milbrand willfully violated the automatic stay when she filed her state court motion on December 6, 2010 and pursued that motion."[7]

## IV. This adversary proceeding

On February 4, 2011, Plaintiff filed this adversary proceeding "to determine the dischargeability of [the $2,500.00 debt] under 11 U.S.C. [§ 523](a)(5) and 11 U.S.C. [§ 523](a)(15)."[8] Defendant filed a motion for summary judgment seeking summary judgment on

---

[3] Docket # 18.

[4] Docket # 21 at 2 ¶ 12.

[5] *Id.*

[6] Docket # 42 at 4.

[7] *Id.* at 5.

[8] Docket # 1 in Adv. Pro. No. 11-4658 at 1 ¶ 1.

both claims in Plaintiff's complaint.[9]

## V. Discussion

### A. Summary judgment standards

This Court recently discussed the standards governing motions for summary judgment, in *Gold v. Marquette University* (*In re Leonard*), Adv. No. 10-4608, 2011 WL 1344732, at *3-4 (Bankr. E.D. Mich. April 8, 2011), and the Court incorporates that discussion into this opinion by reference.

### B. The debt in question does not fall within the discharge exceptions of either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15).

Section 523(a)(5) of the Bankruptcy Code provides an exception to discharge for "any debt . . . for a domestic support obligation." Section 101(14A)(A) of the Bankruptcy Code provides, in relevant part:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
> (A) owed to or recoverable by–
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative[.] . . .

As stated above, the Court recently determined that the $2,500.00 debt in question is not a "domestic support obligation" within the meaning of 11 U.S.C. § 101(14A)(A). As a result, the exception to discharge under 11 U.S.C. § 523(a)(5) does not apply.

Section 523(a)(15) of the Bankruptcy Code provides an exception to discharge for "**any debt . . . to a spouse, former spouse, or child of the debtor** and not of the kind described in paragraph (5) that is incurred by the debtor in the

---

[9] Docket # 12.

> course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15) (emphasis added). As stated above, the Court recently determined that the debt in question is not a "domestic support obligation" within the meaning of 11 U.S.C. § 101(14A)(A), in part, because it is not a debt "owed to" the Debtor's "spouse, former spouse, or child of the [D]ebtor." As a result, the debt is not a "debt . . . to a spouse, former spouse of child of the debtor" within the meaning of § 523(a)(15). So § 523(a)(15) does not apply.

## VI. Conclusion

For the reasons stated in this opinion, the Court concludes that Defendant is entitled to summary judgment on all claims in Plaintiff's complaint. The Court will enter a separate order granting Defendant's Motion.

**Signed on May 20, 2011**                     **/s/ Thomas J. Tucker**
                                               **Thomas J. Tucker**
                                               **United States Bankruptcy Judge**